931 F.2d 894
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stefan A. MOORMAN, Defendant-Appellant.
 No. 90-5894.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1991.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and GILMORE, District Judge.*
 PER CURIAM.
 
 
 1
 A jury having found that defendant Stefan Moorman violated 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2 by aiding and abetting another in the possession of cocaine with intent to distribute it, and the court having imposed a sentence of imprisonment for 30 months, Mr. Moorman appeals his conviction and his sentence.
 
 
 2
 He contends that the conviction ought to be reversed (1) because the district court erred in admitting evidence of prior bad acts on his part and on the part of a housemate, Marshall Evans; (2) because the district court improperly allowed the jury to see a videotape of the drug transaction in question; and (3) because the district court improperly admitted certain photographs of the defendant. He also asserts that the district court should have determined that he was only a minor participant in the criminal activity and should have reduced his sentence accordingly. Finding none of these contentions persuasive, we shall affirm both the conviction and the sentence.
 
 
 3
 * On April 26, 1989, Darrell Head, a police informant, drove to the vicinity of Mr. Evan's house with an undercover detective named Robert Ballinger. Mr. Head walked up to the house and entered it; Detective Ballinger stayed in the parked car. Mr. Moorman left the house approximately two minutes later and drove away in a green Chevette; Mr. Head came out of the house with Mr. Evans and walked to the car where Detective Ballinger was waiting. The three men discussed a sale of cocaine, Detective Ballinger agreeing to pay $2,600 for two ounces. Mr. Moorman returned in the Chevette shortly thereafter and gave Mr. Head two ounces of cocaine. Mr. Head then handed the cocaine to Detective Ballinger.
 
 
 4
 The police recorded these events on videotape. The tape was played for the jury at trial, over objection, after the audio portion had been deleted. The prosecution put a detective on the stand to provide a narrative. Mr. Head likewise testified about the transactions depicted on the videotape, and he also described past drug dealings with Messrs. Moorman and Evans. Defense counsel objected to the latter testimony on the grounds (1) that Mr. Moorman's prior bad acts were irrelevant and unduly prejudicial and (2) that testimony concerning Mr. Head's prior drug transactions with Mr. Evans was irrelevant and cumulative. The trial court overruled the objections, but cautioned the jury that evidence of Mr. Moorman's prior bad acts was relevant only to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 
 
 5
 During the cross-examination of Mr. Head, defense counsel attempted to show that Mr. Moorman's lifestyle was inconsistent with that of a drug dealer:
 
 
 6
 "Q. Stefan [Moorman] doesn't have any job that you know of?
 
 
 7
 A. No, sir.
 
 
 8
 Q. And what kind of watch does he have, does he have a watch?
 
 
 9
 A. I don't know, sir.
 
 
 10
 Q. Does he have any jewelry?
 
 
 11
 A. He had a rope, sir.
 
 
 12
 Q. A rope?
 
 
 13
 A. Yeah.
 
 
 14
 Q. He have like lots of money he used to always have around on him and everything?
 
 
 15
 A. No, sir.
 
 
 16
 Q. Never had anything like that, did he?
 
 
 17
 A. No, sir.
 
 
 18
 Q. When you were selling dope, couple of ki's a week, couple ounces a week, you had a lot of money?
 
 
 19
 A. Sometimes, sir.
 
 
 20
 Q. Have lots of jewelry?
 
 
 21
 A. Yes, sir."
 
 
 22
 The prosecution subsequently offered photographs of Mr. Moorman wearing gold jewelry and posing in front of expensive automobiles. An objection to the admission of the photographs in evidence was overruled.
 
 II
 
 23
 We turn first to the contention that the district court erred in allowing Mr. Head to testify about the prior drug activities of Mr. Moorman and Mr. Evans. Rule 404(b), Fed.R.Evid., states that "evidence of other crimes, wrongs, or acts" is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Defense counsel asserted in his opening statement that Mr. Moorman was merely a spectator at the events of April 26, 1989, and evidence of Mr. Moorman's prior drug-related activities was relevant to show that he intended to play a more active role than that of a spectator. See United States v. Robison, 904 F.2d 365, 368 (6th Cir.), cert. denied, 111 S.Ct. 360 (1990) (evidence of prior drug dealing is relevant to show that the defendant intended to distribute cocaine rather than merely use it). The district court was required to weigh the prejudicial effect of the evidence, to be sure, but we have no hesitancy in saying that the court did not abuse its discretion in determining that Mr. Head's testimony regarding Mr. Moorman's prior acts was not unfairly prejudicial and, given its obvious relevance, that it was admissible.
 
 
 24
 The testimony concerning Mr. Head's prior drug dealings with Mr. Evans was also highly relevant. Mr. Moorman was charged with aiding and abetting Mr. Evans. Mr. Head's testimony not only described Mr. Evans' involvement in drug dealing but showed how Mr. Moorman had been a party to it.
 
 
 25
 The district court did not err in admitting the videotape. Mr. Moorman argues that the poor quality of the audio portion of the tape made the video portion inadmissible, but this argument is frivolous. Recognizing that some of the audio was unintelligible, the district court admitted the tape only after the audio portion was removed. Mr. Moorman does not contend that the video portion was defective; his problem, of course, was that the video portion was all too clear.
 
 
 26
 The district court did not commit reversible error in admitting photographs of Mr. Moorman wearing gold jewelry and posing in front of expensive cars. Such evidence was relevant as tending to refute the suggestion that Mr. Moorman was not as conspicuously affluent as real drug dealers (Mr. Head included) who liked to display money and expensive jewelry. It would have been better if the government had shown the circumstances under which the pictures were taken, but in the factual context of this case we cannot say that the error, if any, was prejudicial.
 
 
 27
 Finally, Mr. Moorman argues that his sentence is improper because the district court incorrectly found that he was more than a minimal participant in the Moorman/Evans drug enterprise. This is a finding of fact that will not be distributed unless clearly erroneous. United States v. Barrett, 890 F.2d 855, 868 (6th Cir.1989). We see no clear error here.
 
 
 28
 AFFIRMED.
 
 
 
 *
 The Honorable Horace Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation